**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00306-LDG-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| RICHARD WILLIAM WARD, ) | |
| ) | |
| Defendant. ) | |

On February 17, 2015, the Court ordered the United States to produce certain documents for *in camera* review. Docket No. 77. Specifically, the Court ordered the United States to produce Detective Kitchen's personnel files and documents from any Internal Affairs investigation of Detective Kitchen, no later than February 23, 2015. *Id*., at 4. On February 23, 2015, the United States produced certain documents to the Court for *in camera* review.

The Court has reviewed the documents produced by the United States. The Court finds that the documents produced to the Court are not exculpatory and are not material to preparing the defense. *See Brady v. Maryland*, 373 U.S. 83 (1963); Fed.R.Crim.P. 16. Therefore, the Court finds that the United States does not have to produce these documents to Defendant.

No documents, however, were produced regarding the investigation into the incident that lead to the January 23, 2015, arrest of Detective Kitchen. The United States has failed to provide a proper basis for not submitting those documents for *in camera* review. It appears that the nub of the issue is that the Las Vegas Metropolitan Police Department (LVMPD) has lodged an objection that such documents are

confidential. No further explanation has been given. The Court fails to discern how concerns of confidentiality are sufficient to refuse to provide documents to the undersigned for an *in camera* review.

Accordingly,

**IT IS ORDERED** that LVMPD must produce the documents regarding the investigation of the incident that lead to Detective Kitchen's arrest to the United States Attorney's Office for production to the Court, or directly to the Court, for *in camera* review. In either case, the documents must be produced to the Court no later than March 4, 2015. To the extent it wishes to do so, LVMPD may also lodge concurrently therewith an objection to allowing Defendant's counsel eventual access to those documents. Such an objection must provide a meaningful explanation as to the legal and factual basis for the objection.

IT IS SO ORDERED.

DATED: February 25, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge