# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:14-cr-00306-LDG-NJK |
| vs. ) | ORDER |
| RICHARD WILLIAM WARD, ) | (Docket Nos. 91, 93) |
| Defendant. ) | |

Pending before the Court is the United States' Motion for Magistrate Judge to Reconsider Magistrate Judge Order. Docket No. 91. The Court has considered the United States' motion, Defendant's response, and the United States' reply. Docket Nos. 91, 94, 98.[1]

Also pending before the Court is Defendant's Motion for 17(c) Subpoena. Docket No. 93. The Court has considered Defendant's motion and the United States' response. Docket Nos. 93, 97. No reply was filed. *See* Docket.

**I.   BACKGROUND**

On October 23, 2014, Defendant filed a motion to suppress evidence in the instant case. Docket No. 37. After the motion was fully briefed, the Court set an evidentiary hearing on the motion. Docket

---

[1] The United States' reply was filed on April 9, 2015, a day after it was due. *See* LCR 12-1(a)(3); Docket No. 94 (docket entry specifically states that replies are due by April 8, 2015). The reply did not contain, as required, a certification regarding whether it was timely filed. LCR 12-1( c). Nonetheless, the Court considers the United States' reply.

1  No. 61. On January 21-22, 2015, the Court held an evidentiary hearing on Defendant's motion to suppress
2  evidence. Docket Nos. 64, 66. At the end of the hearing, the Court ordered supplemental briefing, and
3  set a further date for argument on the motion. Docket No. 66.

4        On January 23, 2015, one of the witnesses who testified for the United States, Las Vegas
5  Metropolitan Police Department (LVMPD) Detective Michael Kitchen, was arrested on criminal charges,
6  including battery and attempted sexual assault. Docket No. 72, at 3. The arrest appears to involve an
7  incident that allegedly occurred on January 22, 2015, shortly after Detective Kitchen testified before this
8  Court. *Id*. The timing of the incident appears as if Detective Kitchen may have prearranged the meeting
9  that lead to the incident causing his arrest either before or during the time he testified before the Court.
10 *Id*., at 6. Further, it appears as if Detective Kitchen engaged in evasive actions, including changing the
11 license plate on his vehicle, after the incident. *Id*.

12       On January 30, 2015, Defendant filed a motion to compel discovery. Docket No. 72. Defendant
13 asked the Court to order the United States to preserve any cellular telephone records and phones issued
14 to, or used by, Detective Kitchen on January 22, 2015. *Id*., at 3. Defendant also asked the Court to order
15 an *in camera* review of Detective Kitchen's personnel file, as well as an *in camera* review of any police
16 file dealing with an Internal Affairs investigation into Detective Kitchen's conduct. *Id*. After considering
17 Defendant's motion, the United States' response and Defendant's reply, Docket Nos. 72, 75, 76, the Court
18 granted the motion in part. Docket No. 77. The Court ordered the United States to produce Detective
19 Kitchen's personnel files and any Internal Affairs investigation to the Court, no later than February 23,
20 2015, for the Court's *in camera* review. *Id*., at 4.

21       On February 23, 2015, the United States produced certain documents to the Court for *in camera*
22 review. Docket No. 78, at 1. The United States produced no documents, however, regarding the
23 investigation into the incident that lead to the January 23, 2015, arrest of Detective Kitchen. *Id*. The Court
24 found that the United States had failed to provide a proper basis for not submitting those documents for
25 *in camera* review. *Id*.[2] As a result, the Court ordered LVMPD to produce the documents regarding the

---

[2] The Court acknowledged that the Las Vegas Metropolitan Police Department (LVMPD) appeared

1  investigation of the incident that lead to Detective Kitchen's arrest to the United States Attorney's Office
2  for production to the Court, or directly to the Court, for *in camera* review. *Id*., at 2.  The Court ordered
3  that the documents must be produced to the Court no later than March 4, 2015.  *Id*.  Finally, the Court
4  explicitly allowed LVMPD to lodge, concurrent with the production of documents to the Court, an
5  objection to allowing Defendant's counsel eventual access to those documents.  *Id*.

6        On March 5, 2015, after the United States failed to comply with the Court's February 25, 2015,
7  order, the Court set a hearing for that afternoon.  Docket No. 80.  The Court stated that the March 4, 2015,
8  deadline had passed, "and the Court has not received the subject documents, any statement regarding the
9  basis for LVMPD's objections to the *in camera* review of those documents, or any other response of any
10 kind from either the Government or LVMPD."  *Id*., at 2.

11       At the March 5, 2015, hearing, the United States admitted that it had received the Court's February
12 25, 2015, order and accepted responsibility for having failed to comply with it, stating that the failure was
13 inadvertent.  The United States further represented to the Court that the Court does not have the authority
14 to compel an *in camera* production of documents in LVMPD's possession.  The Court allowed the United
15 States an opportunity to brief that issue, as well as the issue of, if the Court does not have such authority,
16 how the Court should determine the credibility of Detective Kitchen's testimony in light of the current
17 record.  The Court ordered the United States to file its brief no later than March 16, 2015, and also set
18 response and reply dates.  Docket No. 81.

19       On March 16, 2015, the United States filed a Motion for Magistrate Judge to Reconsider
20 Magistrate Judge Order.  Docket No. 83.  On March 23, 2015, the Court denied the United States' motion
21 because it failed to address the standards for reconsideration.  Docket No. 87.  The Court also noted that
22 the motion simply rehashed the arguments the United States had already made and the Court had already
23 rejected.  *Id*., at 1.  Further, the motion failed to address the specific items the United States had
24 represented at the March 5, 2015, hearing that it wanted to brief.  *Id*., at 1-2.  The Court allowed the United
25 States one more opportunity to address these issues.  *Id*., at 2.

---

27 to have objected to the production of the documents as confidential, but failed to discern how
   confidentiality concerns would be sufficient to refuse to provide documents to the Court for an *in camera*
28 review.  *Id*., at 1-2.

On March 30, 2015, the United States filed a second Motion for Magistrate Judge to Reconsider Magistrate Judge Order. Docket No. 91. On April 2, 2015, Defendant filed his response to the United States' motion. Docket No. 94. The United States did not reply. *See* Docket. Additionally, on April 2, 2015, Defendant filed a Motion for 17(c) Subpoena. Docket No. 93. On April 6, 2015, the United States filed its response to Defendant's motion. Docket No. 97. The Court now addresses both motions.

## II.  ANALYSIS

### A.  Motion for Magistrate Judge to Reconsider Magistrate Judge Order - Docket No. 91

The United States asks the Court to reconsider its February 17, 2015 and February 25, 2015, orders requiring *in camera* production of any police file dealing with an Internal Affairs investigation into Detective Kitchen's conduct. Docket No. 91. The United States submits that the agreement between it and LVMPD does not contemplate production of pending criminal investigation files. *Id.*, at 3; Docket No. 91-1. The United States further submits that the Court's February 25, 2015, order raised a question of the propriety of one sovereign ordering a separate, non-party sovereign to produce confidential files. *Id.*, at 2. The United States goes on to state that it can find no case law regarding this issue, but argues that the Court need not reach it, as it can, instead, authorize Defendant to issue a Rule 17(c) subpoena to LVMPD. *Id.*, at 3-6. Finally, the United States submits that the information regarding Detective Kitchen's arrest and the conduct surrounding it is improper impeachment evidence,[3] and urges the Court to determine his credibility based upon his ability to remember the facts and circumstances regarding the date of May 26, 2013, as well as his demeanor during his testimony before the Court. *Id.*, at 7-10. The United States therefore asks the Court to reconsider its prior orders requiring the United States and LVMPD to produce the investigative records to the Court *in camera*. *Id.*, at 10.

Defendant responds that, while the United States correctly summarized the Court's questions in its motion, it then failed to answer them. Docket No. 94, at 2-3. Defendant lists the requirements for

---

[3] In so arguing, the United States submits that the incident for which Detective Kitchen was arrested occurred after his testimony, but fails to address that the incident appeared to have been prearranged, or any of Detective Kitchen's conduct that he appears to have engaged in in an effort to cover up his alleged participation in the incident.

1 reconsideration of a court order and submits that (1) the United States did not present the Court with newly
2 discovered evidence; (2) the Court did not commit clear error and the Court's ruling was not manifestly
3 unjust; and (3) no intervening change in controlling law has occurred. Therefore, under the law, Defendant
4 contends, reconsideration is inappropriate. *Id.*, at 3. Instead, Defendant submits that the United States has
5 violated the caselaw by using its motion for reconsideration to raise arguments for the first time that could
6 have been raised earlier in the litigation. *Id*. Defendant further points out the inherent conflict in the
7 United States' argument that, while the Court may not have authority to issue its two prior orders requiring
8 production of LVMPD's records, Defendant should request issuance of a Fed.R.Crim.P. 17( c) subpoena
9 for those same records so that the Court will have authority over the production. *Id.*, at 4-5. Regarding
10 the United States' argument suggesting that the Court may have no authority over the separate sovereign
11 of LVMPD, Defendant submits that, in a separate case before this Court, the United States drafted an order
12 and submitted it for the Court's signature - an order that required LVMPD to produce "any and all records
13 and documents to include recording related to the Internal Affairs investigation into [an LVMPD police
14 officer who had testified in that case's] conduct while employed by the Las Vegas Metropolitan Police
15 Department..." *Id.*, at 5: Docket No. 94-1. *See also United States v. Abdul Howard*, 2:13-cr-186-GMN-
16 VCF. Defendant further contends that the United States' assertion of F.R.E. 608(b) as a bar to the
17 production of the records is premature, as the Court cannot make a ruling on admissiblity until the Court
18 knows the content of the documents. Docket No. 94, at 6. Defendant therefore asks the Court to deny the
19 United States' motion for reconsideration. *Id.*, at 7-8.

20 In reply, the United States submits that it stands by its points and authorities, as submitted in its
21 motion for reconsideration, at Docket No. 78. Docket No. 98, at 1. The United States then states that it
22 previously had a lack of opportunity to address the Court's order which gave the United States the
23 opportunity to have LVMPD produce its files directly to the Court. *Id*. The United States submits that
24 it felt compelled to brief the separate sovereignty issue, but again admits that it found no law on the issue.
25 *Id.*, at 1-2. The United States contends, without citation to any authority, that the *Howard* case is
26 distinguishable from the instant case because the documents related to an officer who was no longer an
27 LVMPD employee and whose underlying criminal case was closed. Docket No. 98, at 2.
28 . . . .

5

1    Reconsideration is appropriate if the Court: (1) is presented with newly discovered evidence; (2)
2 committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change
3 in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Reconsideration is
4 "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial
5 resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation
6 marks omitted). Further, a motion for reconsideration "may not be used to raise arguments ... for the first
7 time when they could reasonably have been raised earlier in the litigation." *Id.*
8    The Court finds that the United States has not presented the Court with newly discovered evidence.
9 The only new evidence the United States presents, in fact, is the letter from LVMPD to the United States,
10 detailing certain terms of an agreement between the two, which agreement predates this case in its entirety.
11 In any event, an agreement between the United States and LVMPD is not binding on the Court. The Court
12 further finds that the United States has not shown that the Court committed clear error, or that the Court's
13 prior two orders were manifestly unjust. While the United States argued at hearing that the Court does not
14 have authority to order LVMPD to produce records, it states in its motion to reconsider that it could find
15 no caselaw on the issue.[4] More tellingly, of course, is that the Court has, in fact, already ordered LVMPD
16 to produce records in a different case. Docket No. 94-1. *See also Howard*, 2:13-cr-186-GMN-VCF. Not
17 only did the United States fail to argue that the Court had no authority to issue that order, the United States
18 actually drafted the order in the *Howard* case and presented it to the Court. Docket No. 94, at 5; Docket
19 No. 94-1. The Court, therefore, finds that it does have the authority to order LVMPD to produce records,
20 and that it did not commit clear error in its prior two orders. As the United States did not even argue that

---

[4]

The United States appears, in its reply, to attempt to shift the burden onto Defendant to disprove its contention at hearing that the Court did not have authority to order LVMPD to produce documents. Docket No. 98, at 2 ("While the Government did not find controlling law on the sovereignty issue ... Interestingly, defendant's response fails to include any case law to the contrary").

This attempt fails, as the burden falls upon the party requesting reconsideration to prove that the Court erred, not on the other party to prove that the Court was correct. *See Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). In any event, Defendant did include a case that clearly demonstrates that this Court has authority to order LVMPD to produce records in a federal case - the *Howard* case.

1 the Court's prior two orders were manifestly unjust, the Court finds that they were not.  Finally, the United
2 States has not submitted any sort of intervening change in controlling law and, therefore, the Court finds
3 that none exists.  As such, the Court DENIES the United States' motion for reconsideration.  Docket No.
4 91.

### B.  Motion for 17(c) Subpoena - Docket No. 93

Defendant requests the issuance of a Fed.R.Crim.P. 17(c) subpoena "directing the Las Vegas Metropolitan Police Department to produce the internal affairs and criminal investigation files regarding Detective Michael Kitchen."  Docket No. 93, at 1.  Defendant submits that, while he maintains that the Court has authority to order LVMPD to produce the documents and its prior orders are valid, he files the instant motion to avoid further delay.  *Id*., at 2.  Defendant points out that the Court originally ordered the production of these documents almost two months ago, and significant delay has occurred due to the lack of production.  *Id*.  Defendant further submits that, since both the United States and LVMPD have been on notice of the Court's orders for almost two months, they should have the documents ready to produce.  *Id*., at 3.  Defendant therefore asks the Court to issue a Rule 17(c) subpoena requiring the immediate production of these documents.  *Id*., at 4.

In response, the United States submits that the Court "may" have authority to issue a Rule 17 subpoena for these documents.  Docket No. 97, at 1.  The United States asks the Court to require LVMPD to submit the compelled documents to the Court for *in camera* review.  *Id*., at 2.

Pursuant to Fed.R.Crim.P. 17(c), the Court may order the production of "any books, papers, documents, data, or other objects the subpoena designates."  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."  *Id*.

The United States does not object to the issuance of the subpoena.  Therefore, the Court GRANTS Defendant's Motion for 17(c) Subpoena, and ORDERS the issuance of that subpoena.  Docket No. 93.

. . . .
. . . .
. . . .
. . . .

### III. CONCLUSION

For the reasons stated above and good cause shown,

**IT IS HEREBY ORDERED** that the United States' Motion for Magistrate Judge to Reconsider Magistrate Judge Order, Docket No. 91, is **DENIED**. The United States and the Las Vegas Metropolitan Police Department shall comply with the Court's prior orders, Docket Nos. 77, 78, no later than April 13, 2015, at 12:00 p.m.

**IT IS FURTHER ORDERED** that the Las Vegas Metropolitan Police Department shall produce to the Court for *in camera* review any and all records and documents, to include recordings, related to any Internal Affairs investigations into Detective Michael Kitchen's (LVMPD P# 6474) conduct while employed by the Las Vegas Metropolitan Police Department, no later than April 13, 2015, at 12:00 p.m.

**IT IS FURTHER ORDERED** that Defendant's Motion for 17(c) Subpoena, Docket No. 93, is hereby **GRANTED**. A Rule 17(c) subpoena shall issue. The Las Vegas Metropolitan Police Department is ordered to produce to the Court for *in camera* review all internal affairs and criminal investigation files regarding Detective Michael Kitchen (LVMPD P# 6474), no later than April 13, 2015, at 12:00 p.m.

IT IS SO ORDERED.

DATED: April 10, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge