# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD WILLIAM WARD,

    Defendant.

Case No. 2:14-cr-00306-LDG (NJK)

**ORDER**

    The defendant, Richard William Ward, moves to suppress evidence (#37), which motion the United States opposes.  After considering the papers filed by the parties relevant to this motion, and after holding two hearings, the magistrate judge issued a report and recommendation (#141) that the motion be denied.  Ward has filed objections (#150), to which the United States has responded.  The Court will adopt the Report and Recommendation, and will deny Ward's motion to suppress.

    The Court adopts the extensive factual background set forth by the magistrate judge.

    Ward argues that the protective sweep of his house was not justified by any articulable, objective facts, but that "the only fact even potentially indicating [his] home was somehow involved" was an "unidentified woman's ambiguous utterance" to Sgt. McKenzie.

The argument ignores the totality of the circumstances, which the magistrate judge extensively detailed, and which the Court will merely outline. Sgt. McKenzie responded to a call indicating shots fired on the street of Ward's house. Upon arriving, a woman ran toward him, pointed toward Ward's house, and said words to the effect of, "That's them, there." Sgt. McKenzie saw three men: one inside or leaning into a car, one on the walkway of the house, and one in the doorway of the house. With his gun drawn, Sgt. McKenzie approached the residence and issued commands to the men. The man on the walk complied promptly. Ward, who was the man in the car, responded after "a little bit of time," and first reached into the car, then threw something to the ground that was later determined to be a weapon. The man by the door ignored the officer's commands, but turned away from the officer in a manner causing Sgt. McKenzie to perceive the act as an effort to disguise what he was holding. He further perceived the movement as consistent with the manner in which officers hold a firearm. The man then went into the house.

The two men remaining outside of the house were detained. Officers surrounded the house, but the man inside the house refused to come out of the house. Subsequently, a female exited the house. Ward asserted that no one else was in the house, a statement Sgt. McKenzie knew was false as he had observed a male enter the house. The man then exited the house, and Ward again asserted that no one else was in the house.

Sgt. McKenzie testified the officers decided to send a dog into the house, as the call had been for shots fired, and they did not know if an injured person or anyone else was inside the house. Ward, however, told the officers that there was a dog in the house. As a result, the officers could not send a dog into the house to determine if anyone else, injured or otherwise, was in the house.

These facts, when considered as a totality, support the determination that, while responding to a shots fired call, a law enforcement officer would be objectively reasonable

in conducting a protective sweep of Ward's house to determine if anyone else remained in the house, injured or otherwise.

Ward argues the officers lacked any facts that would suggest another person might have been inside the home, but were instead informed by the four individuals that no one else was in the home. The argument ignores that the officers were responding to a call of shots fired, that an individual ignored an officer's command and instead entered the house, that the individuals remaining outside asserted that no one was in the house, and that an individual previously unknown to the officers subsequently exited the house.

Considered as a totality, exigent circumstances existed permitting the officers to conduct a protective sweep of the house. The officers conducting that protective sweep observed items in plain view supporting a determination of probable cause sufficient to obtain the search warrant.

Ward argues that, even assuming the entry into his house for the protective sweep was valid, the scope and duration of the subsequent walk-through violates the doctrines justifying the initial entry. The magistrate judge's recommendation, however, assumed that even if the walk-through was illegal, the independent source doctrine applies. The seizure of evidence during the search warrant derives from information obtained during the protective sweep, a source independent of the walk-through.

Accordingly,

THE COURT **ADOPTS** the Report and Recommendation (#141);

THE COURT **ORDERS** that Defendant's Motion to Suppress (#37) is DENIED.

DATED this ___5___ day of May, 2016.

_____
Lloyd D. George
United States District Judge

3